Debtor **KEVIN LEE HORATH**  
United States Bankruptcy Court for the **MIDDLE DISTRICT OF TENNESSEE**  ☐ Check if this is an amended plan
[Bankruptcy district]

Case number: _____

Official Form 113
Chapter 13 Plan

### Part 1: Notices

**To Debtors:** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

In the following notice to creditors and statement regarding your income status, you must check each box that applies.

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance to you. Boxes must be checked by debtor(s) if applicable.

☒ **The plan seeks to limit the amount of a secured claim, as set out in Part 3, Section 3.2, which may result in a partial payment or no payment at all to the secured creditor.**

☐ **The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in Part 3, Section 3.4.**

☒ **The plan sets out nonstandard provisions in Part 9.**

**Income status of debtor(s), as stated on Official Form 122-C1**

*Check one.*
☒ The current monthly income of the debtor(s) is less than the applicable median income specified in 11 U.S.C. § 1325(b)(4)(A).

### Part 2: Plan Payments and Length of Plan

**2.1 Debtor(s) will make regular payments to the trustee as follows:**
**$200.00 BI-WEEKLY for 60 months**

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in Parts 3 through 6 of this plan.

**2.2 Regular payments to the trustee will be made from future earnings in the following manner:**
*Check all that apply.*
☒ Debtor(s) will make payments pursuant to a payroll deduction order.

**2.3 Income tax refunds.**
*Check one.*
☒ Debtor(s) will retain any income tax refunds received during the plan term.

**2.4 Additional payments.**
*Check one.*
☒ **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

**2.5 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is** $**26,000.00**.

### Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default, if any.**

APPENDIX D                                         Chapter 13 Plan                                         Page 1

Debtor   **KEVIN LEE HORATH**                                  Case number

*Check one.*
☒ **None.** If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

3.2 Request for valuation of security and claim modification. *Check one.*
**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

☒ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed Amount of secured claim. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed Amount of secured claim will retain the lien until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor. See Bankruptcy Rule 3015.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| **CHEVY WHITE AUTO SALES** | **$2,500.00** | **1999 PONTIAC SUNFIRE UNDER 910** | **$2,500.00** | **$0.00** | **$2,500.00** | **3.25 %** | **$45.20** | **$2,711.99** |

Insert additional claims as needed.

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
☒ **None.** If "None" is checked, the rest of § 3.3 need not be completed or reproduced.

3.4 Lien avoidance

Check one.
☒ **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

**3.5 Surrender of collateral.**

Check one
☒ **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

| Part 4: | **Treatment of Fees and Priority Claims** |

**4.1 General**

Trustee's fees and all allowed priority claims other than those treated in § 4.6 will be paid in full without interest.

**4.2 Trustee's fees**

Trustee's fees are estimated to be **5.00%** of plan payments; and during the plan term, they are estimated to total **$1,299.00**.

**4.3 Attorney's fees**

APPENDIX D                                    Chapter 13 Plan                                              Page 2
Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com                        Best Case Bankruptcy
    Case 1:15-bk-01170    Doc 2    Filed 02/24/15    Entered 02/24/15 11:05:06    Desc Main
                              Document      Page 2 of 5

Debtor  **KEVIN LEE HORATH**                                    Case number

The balance of the fees owed to the attorney for the debtor(s) is estimated to be **$3,520.00**.

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**
*Check one.*
☒ The debtor estimates that the total amount of other priority claims to be $**300.00**

4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.

Check one.
☒ **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. Check all that apply.

☐ The sum of $
☒ **100.00** % of the total amount of these claims.
☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ **31,400.00** .
Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Interest on allowed nonpriority unsecured claims not separately classified.** *Check one.*

☒ Interest on allowed nonpriority unsecured claims that are not separately classified will be paid at an annual percentage rate of **3.25** % under 11 U.S.C. §1325(a)(4), and is estimated to total $ **1,524.51** .

**5.3 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☒ **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

**5.4 Other separately classified nonpriority unsecured claims. Check one.**

☒ **None.** If "None" is checked, the rest of § 5.4 need not be completed or reproduced.

## Part 6: Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** Check one.

☒ **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

## Part 7: Order of Distribution of Trustee Payments

**7.1 The trustee will make the monthly payments required in Parts 3 through 6 in the following order, with payments other than those listed to be made in the order determined by the trustee:**
  **CLASS I-BANKRUPTCY FILING FEE**
  **CLASS II-BANKRUPTCY NOTICE FEE**
  **CLASS III-ATTORNEY FEES**
  **CLASS IV-SECURED VEHICLE PAYMENT**
  **CLASS V-PRIORITY CLAIMS**
  **CLASS VI-GENERAL UNSECURED**

## Part 8: Vesting of Property of the Estate

**8.1 Property of the estate will vest in the debtor(s) upon**

*Check the appliable box:*
☐ plan confirmation.
☐ entry of discharge.

Debtor  **KEVIN LEE HORATH**   Case number

☒ other: **UPON DISCHARGE, DISMISSAL OR CONVERSION**

### Part 9: Nonstandard Plan Provisions

☐ **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

**Amendment to Part 2:**

**Debtor will make regular payments to the trustee as follows:** $200.00 per BI-WEEKLY for 60 months, in the following manner:
Debtor will make payments pursuant to a payroll deduction order issued to the Debtor's employer: MIDDLE TENNESSEE PIZZA, INC..
ATTN. PAYROLL
421 E VINE STREET
MURFREESBORO, TN 37130

**Amendment to Part 4:**

**Attorney's fees**
The balance of the fees owed to the attorney for the debtor(s) is estimated to be **$3,520.00**, to be paid as follows: PAID IN FULL CLASS III
The attorney was paid **$0.00** prior to the filing of this case.

**Priority claims other than attorney's fees and those treated in § 4.5.**

The debtor(s) have other priority claims which will be paid as follows:

| Name of Creditor | Type of Priority | Estimated Amount of Creditor's total Claim | Plan treatment | Estimated total of payments |
|---|---|---|---|---|
| MAURY COUNTY TRUSTEE | 2013 PROPERTY TAXES | $300.00 | PIF CLASS V | $300.00 |
|  |  |  |  |  |

**Amendment to Part 7.1:**

Postpetition claims allowed pursuant to 11 U.S.C. § 1305 shall be paid in full but subordinated to the payment of unsecured claims as provided in paragraph 3 above.

### Part 10: Signatures:

X **/s/ James A. Flexer**   Date
 **James A. Flexer 9447**
**Signature of Attorney for Debtor(s)**

X **/s/ KEVIN LEE HORATH**   Date
 **KEVIN LEE HORATH**

X _____   Date _____

**Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)**

Debtor     **KEVIN LEE HORATH**                              Case number

**Exhibit: Total Amount of Estimated Trustee Payments**

The trustee will make the following estimated payments on allowed claims in the order set forth in Section 7.1:

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** (Part 3, Section 3.1 total): | **$0.00** |
| b. | **Modified secured claims** (Part 3, Section 3.2 total): | **$2,711.99** |
| c. | **Secured claims excluded from 11 U.S.C. § 506** (Part 3, Section 3.3 total): | **$0.00** |
| d. | **Judicial liens or security interests partially avoided** (Part 3, Section 3.4 total): | **$0.00** |
| e. | **Fees and priority claims** (Part 4 total): | **$5,119.00** |
| f. | **Nonpriority unsecured claims** (Part 5, Section 5.1 total): | **$15,472.27** |
| g. | **Interest on allowed unsecured claims** (Part 5, Section 5.2 total) | **$1,524.51** |
| h. | **Maintenance and cure payments on unsecured claims** (Part 5, Section 5.3 total) | **$0.00** |
| i. | **Separately classified unsecured claims** (Part 5, Section 5.4 total) | **$0.00** |
| j. | **Trustee payments on executory contracts and unexpired leases** (Part 6, Section 6.1 total)   + | **$0.00** |

**Total of lines a through j**..................................................................................................................   **$24,827.77**